**E-FILED**
Thursday, 03 March, 2016  12:47:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN BARTLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-1466 |
| | ) | |
| DR. INOVE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

**MICHAEL M. MIHM, U.S. District Judge.**

Plaintiff proceeds pro se from his detention in the McClean County Jail.  His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1]  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.

---

[1] A prisoner  who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that another detainee assaulted Plaintiff and fractured Plaintiff's right hand on September 25, 2015, in the McClean County Jail.  Plaintiff did not see Dr. Inove for five days, and then Dr. Inove concluded that Plaintiff's hand was not fractured, even though the x-ray clearly showed a fracture (liberally construing the allegations).  Dr. Inove discontinued Plaintiff's pain medicine and "cold napkins," apparently until Plaintiff was seen by Dr. Valentine on October 5, 2015.  Dr. Valentine ordered more x-rays and diagnosed the fracture, allegedly telling Plaintiff that Dr. Inove had overlooked Plaintiff's injury.  The nurses named as defendants allegedly refused pain medicine to Plaintiff on various occasions, why is not clear.  Plaintiff alleges that he has lost the use of his right hand and has permanent damage.

Deliberate indifference to a detainee's serious medical needs violates the Fourteenth Amendment.  <u>Thomas v. Cook County Sheriff's Dept.</u>, 604 F.3d 293, 301 n.2 (7th Cir. 2010).  Deliberate indifference means the conscious disregard of a substantial risk of

serious harm.  Townsend v. Cooper, 759 F.3d 678, 689  (7th Cir. 2014).  Dr. Inove's treatment decisions must have been such a substantial departure from accepted professional judgment that he failed to exercise any professional judgment.  Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009).  Malpractice or a mistake is not enough.  Walker v. Peters, 233 F.3d 494, 499 (7th Cir. 2000)("[I]t is not enough to show that a reasonable doctor would have made the correct diagnosis and treatment.").  If Plaintiff seeks to pursue a malpractice action, which is a state law action, he must attach the affidavit and report required by 735 ILCS 5/2-622(a).

Some of the attachments to Plaintiff's complaint and the allegations in his motion to amend suggest that the fracture did not occur until after the first set of x-rays was taken or that the radiologist reading the first x-ray mistakenly concluded there was no fracture.  (Response to 10/8/15 grievance, d/e 1, p. 24; Plaintiff's motion to amend, d/e 6).  However, at this point, the Court cannot rule out a deliberate indifference claim against Dr. Inove without more facts, so the claim will be proceed for more development.

As for the nurses, the intentional interference with the administration of available, prescribed pain medication might amount to deliberate indifference.  Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 829 (7th Cir. 2009)(deliberate indifference "includes intentionally interfering with prescribed treatment.").  However, sporadic instances where Plaintiff did not receive pain medicine is unlikely to support a claim of deliberate indifference.  See  Burton v. Downey, 805 F.3d 776 (7th Cir. 2015)(two-day delay in dispensing pain medicine was not enough for constitutional violation where no evidence of bad intent). Plaintiff is vague about the circumstances surrounding the alleged denials of pain medicine, but the most efficient route to determining the viability of this claim is to develop the factual record more fully. Accordingly, Plaintiff's federal claim against the nurses will proceed for further development.

Plaintiff also alleges an unconstitutional policy/practice claim against McClean County, but the allegations are too conclusory to state a plausible claim.  See McCauley v. City of Chicago, 671 F.3d 611, 617 (7th Cir. 2011)(affirming dismissal of *Monell* claim where the "alleged 'facts' [were] actually legal conclusions or elements of

the cause of action, which may be disregarded on a motion to dismiss.")  This claim will be dismissed, without prejudice.  The County will remain in the case for potential indemnification under 745 ILCS 10/9-102, as requested by Plaintiff.

Plaintiff also seeks to pursue a state law claim for the intentional infliction of emotion distress.  No allegations plausibly suggest that Defendants engaged in the kind of "truly extreme and outrageous conduct" that would support a claim for the intentional infliction of emotional distress.  *See* Feltmeier v. Feltmeier, 207 Ill.2d 263, 268-69 (2003)(discussing elements).  This claim will also be dismissed, without prejudice.

On a separate matter, Plaintiff has filed a motion to amend to add another doctor—Dr. "Ray L. Williams" of St. Joseph Medical Center who allegedly misread Plaintiff's first x-ray as having no acute bone injury.[2]  Dr. Williams cannot be sued for a constitutional violation because he is a private physician, not a physician working for the jail.  *See* Shields v. IDOC, 746 F.3d 782 (7th Cir. 2014)(SIU doctors who saw inmate one time for consult were not state actors).  And,

---

[2] This name could not be located on the OSF website.  Osfhealthcare.org (last visited 2/23/16).

as explained, a state law action for medical malpractice cannot be pursued without the required report and affidavit.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for deliberate indifference to his serious medical needs against Dr. Inove and Nurses Payne, "Sheryl," and "Bonnie."   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      Plaintiff's state law intentional infliction of emotional distress claim and claims against the County are dismissed, without prejudice, for failure to state a claim.  The County remains in the case for purposes of indemnification.

3)      Plaintiff's motion to amend his complaint is denied (6).

4)      Plaintiff's motion for status is denied as moot (7).

5)      Plaintiff's motion for counsel is denied (5), with leave to renew after Plaintiff demonstrates that he has made reasonable efforts to find counsel on his own.  Pruitt v. Mote, 503 F.3d 647,

654-55 (7th Cir. 2007).  This typically requires writing to several lawyers and attaching the responses.  If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

6)      This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

7)      The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

8)      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9)      Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

10)    This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to
Defense counsel copies of motions and other papers that Plaintiff
has filed with the Clerk.  However, this does not apply to discovery
requests and responses.  Discovery requests and responses are not
filed with the Clerk.  Plaintiff must mail his discovery requests and
responses directly to Defendants' counsel.  Discovery requests or
responses sent to the Clerk will be returned unfiled, unless they are
attached to and the subject of a motion to compel.  Discovery does
not begin until Defense counsel has filed an appearance and the
Court has entered a scheduling order, which will explain the
discovery process in more detail.

11)   Counsel for Defendants is hereby granted leave to depose
Plaintiff at his place of confinement. Counsel for Defendants shall
arrange the time for the deposition.

12)   Plaintiff shall immediately notify the Court, in writing, of
any change in his mailing address and telephone number.
Plaintiff's failure to notify the Court of a change in mailing address
or phone number will result in dismissal of this lawsuit, with
prejudice.

13)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

14)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

15)   **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

16)   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:  March 3, 2016

FOR THE COURT:

**s/Michael M. Mihm**
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE